IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MARSHALL FEATURE RECOGNITION, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**REVERSE MORTGAGE SOLUTIONS INC. D/B/A SECURITY 1 LENDING,**<br><br>**Defendants.** | **CIVIL ACTION NO. 2:13-cv-944**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Marshall Feature Recognition, LLC ("Plaintiff" or "MFR"), by and through its undersigned counsel, files this Complaint against Defendant Reverse Mortgage Solutions d/b/a Security 1 Lending ("RMS" or "Defendant") as follows:

### NATURE OF THE ACTION

1.   This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,886,750 entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the "'750 patent"; a copy of which is attached hereto as Exhibit A).  MFR is the owner by assignment of the '750 patent.  MFR is majority controlled by the inventors of the '750 Patent. The inventors Spencer A. Rathus, Lois Fichner-Rathus and Jeffrey S. Nevid, have been operating MFR in Texas since 2004. MFR seeks injunctive relief and monetary damages.

### PARTIES

2. Plaintiff Marshall Feature Recognition, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75760.

3. Upon information and belief, Defendant RMS is a business organized and existing under the laws of the State of Delaware, with its principal place of business located at 2727 Spring Creek Dr. Spring, TX 77373. RMS is registered to do business in the State of Texas and it's Registered Agent for service is Registered Agent Solutions, Inc., 1679 South Dupont Hwy, STE 100, Dover, DE 19901.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of its interactive mobile web page, and/or print advertising) products and services in the United States, the State

of Texas, and the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

### COUNT I– INFRINGEMENT OF U.S. PATENT 6,886,750

8. MFR refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '750 Patent was duly and legally issued by the United States Patent and Trademark Office on May 3, 2005, after full and fair examination. The '750 patent is in full force and effect. Plaintiff is the owner by assignment of the '750 patent and possesses all rights of recovery under the '750 patent, including the right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '750 patent. The '750 patent provides, among other things, a "system for displaying programming to a user, the system comprising: a printed commercial document having at least one machine recognizable feature; a feature recognition unit having associated therewith a means for recognizing said feature and a means for transmitting a coded signal in response to the recognition of said feature; an intelligent controller having associated therewith a means for accessing said programming material in response for receiving said coded signal; and a display unit presenting said programming material."

11. Defendant has infringed and continues to infringe one or more claims of the '750

patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for accessing electronic data. Particularly, Defendant requires and/or directs users to access and/or use Quick Response Codes ("QR Codes") printed on Defendant's commercial advertisements, in a manner claimed in the '750 patent. Defendant infringes the '750 patent by providing printed commercial documents that have at least one machine recognizable feature i.e. a QR Code.

12.   Defendant infringes '750 patent by providing QR Codes on printed commercial advertisements to be used by viewers for accessing programmed material. QR Codes are features that can be recognized by a mobile smartphone device when the device, controlled by the user, scans the QR Code, in a manner claimed by the '750 patent. The mobile smartphone device uses a barcode scanner application to communicate with the QR Code, featured within the Defendant's printed advertisement, to obtain programmed information relating to the advertisement.

13.   After the mobile device scans the QR Code, a communication link is established and the content is displayed on the screen of the mobile device. Accessed content relates to the commercial advertisement and is programmed by the Defendant to relate to the printed commercial document. The Defendant infringes the '750 patent when the scanned QR Code provides programmed content to the user of the mobile device relating to the commercial document featuring the QR Code.

14.   Defendant is a company that specializes in the sale of merchandise and their QR Code advertising program has garnered significant attention in the community. The Defendant uses the QR Codes in their advertising campaigns to connect the Defendant's customers with additional advertising content. The clients scan the QR Codes to access Defendant's mobile

website. On the website, the clients can find more information on Defendant's products.

15. When the mobile device scans the QR Code, a command sequence is initiated to access material programmed by the Defendant to relate to the advertisement, as detailed above. The user's device then downloads, via the Internet, the programmed data indicative of the QR Code (for example, data indicative of Defendant's products). On information and belief, this data is programmed and stored on Defendant's remote servers for access by devices that have scanned corresponding QR Codes.

16. Defendant also infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement of the '750 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '750 patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '750 patent to the injury of MFR. For example, Defendant has configured the QR Codes to be scanned by most smartphone devices, inducing others to perform steps claimed thereby infringing on the '750 patent. Since at least the filing date of this Complaint, Defendant has had knowledge of the '750 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '750 patent pursuant to 35 U.S.C. § 271(b).

17. Defendant is willfully and intentionally infringing the '750 Patent from at least the date of the filing of this law suit.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which,

by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the '750 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

21. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '750 Patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '750 Patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

D. That, should Defendant's acts of infringement be found to be willful from the

time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: February 10, 2014                   Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF MARSHALL FEATURE RECOGNITION, LLC**